[Crim. No. 3150. Third Dist. Mar. 16, 1961.]

THE PEOPLE, Respondent, v. SILVIO DOMINIC REGNANI, Appellant.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and C. Michael Gianola, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—This is an appeal from an order of the Superior Court of Siskiyou County granting probation. On May 31, 1960, an information was filed in the Siskiyou County Superior Court charging appellant with contributing to the delinquency of a minor, and with resisting arrest. After preliminary examination before a magistrate who held appellant to answer, he was arraigned in the superior court. Before plea the district attorney moved the court to dismiss the contributing count in the interest of justice. Thereupon appellant entered a plea of guilty to resisting arrest. The matter was referred to the probation officer for presentence investigation. The probation officer having filed his report, the matter came before the trial court on August 22, 1960, whereupon appel-

lant's counsel read the probation officer's report and noted that, although probation was recommended, it was also recommended that it be conditioned upon, among other things, incarceration in the county jail for 60 days. Counsel for appellant moved the court that it grant leave to appellant to withdraw his plea of guilty and proceed to trial. After argument, during which factual representations were made to the court, the court denied the motion, granted probation and ordered appellant to report to the Siskiyou County jail to begin serving a term of imprisonment for 60 days. Appellant then filed his notice of appeal.

 Appellant contends that the trial court erred in refusing him permission to withdraw his plea of guilty and substitute therefor a plea of not guilty. His counsel, in support of his motion, stated to the court that appellant's plea had been entered in reliance upon the understanding of both appellant and his counsel that the district attorney had promised, if a plea of guilty were entered, that he would recommend probation, which both appellant and his counsel understood to mean a recommendation of probation without incarceration. The district attorney responded, informing the court that he did say he would recommend probation, but said nothing about the conditions and particularly nothing about incarceration. These representations to the trial court were made by respective counsel during the argument in support of the motion for leave to withdraw the plea of guilty. No affidavits were received, no sworn testimony was taken, but we think it apparent that both sides and the court were willing to proceed informally. Nevertheless, a factual issue was presented and the trial court quite plainly stated, during the hearing of the motion, that it considered the district attorney's view of what had transpired was correct. This conclusion cannot be quarreled with in view of the fact that it was not stated in support of the motion that incarceration was expressly discussed, only that counsel and appellant understood that if he would withdraw his plea the district attorney would recommend probation without incarceration. Probation was granted. Of course, counsel for appellant knew that, while the district attorney could recommend action to the court in the interest of justice in view of his position as district attorney, nevertheless the court would not be in anywise bound by that recommendation. Taking these things into consideration, it cannot be said either that appellant has been unfairly treated or that the trial court was guilty of any abuse of discretion in denying the motion to

withdraw the plea. Having filed his notice of appeal, appellant, through his counsel, requested that the proceedings before the magistrate be made a part of the record on appeal and the clerk responded. Of course those proceedings are not a part of the record here and we may not properly consider them.

The order granting probation is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied April 13, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 10, 1961.